# UNITED STATES DISTRICT COURT
## DISTRICT OF CONNECTICUT

### COMPLAINT FORM

U.S. DISTRICT COURT
BRIDGEPORT, CONN
2013 MAY -6 P 3 20
FILED

Jerome Ridolick

Full name(s) of Plaintiff(s)
(Do not use *et al.*)

Case No. 3:13 cv 656 (SRU)
(To be supplied by the Court)

v.

Department of Correction

Waldondo

Brighthupt

Powers

Santiago

Daire

Full names of Defendant(s)
(Do not use *et al.*)

SEE ATTACHED
FOR ADDITIONAL DEFENDANTS

## A. PARTIES

1. Jerome Ridolick is a citizen of Connecticut who
(Plaintiff)                                                    (State)
presently resides at Northern CI, PO Box 665, 287 Bilton Rd.
(mailing address)  Somers, CT 06071

SEE ATTACHED

2. Defendant _____ is a citizen of _____
(name of first defendant)                              (State)
whose address is _____

## Defendants

Crawford

Prouty

St. John

Weber

Caputo

Jane Doe

John Doe

John Doe 2

John Doe 3

John Doe 4

John Doe 5

Dr. Frayne

Furey

PaFumi

Arnone

3. Defendant _____SEE ATTACHED_____ is a citizen of _____
                (name of second defendant)                    (State)

whose address is _____ .

(If more space is needed to furnish the above information for additional defendants,
continue on a blank sheet which you should label "A. PARTIES." Be sure to include
each defendant's identity and complete address.)

## B. JURISDICTION

The jurisdiction of this court is invoked pursuant to: (list statute(s))

_____42 USC § 1983_____

_____42 USC § 12101 et. seq._____

## C. NATURE OF THE CASE

**BRIEFLY** state the background of your case.

<u>Defendants</u>

1. <u>First Defendant</u>
   a. Full Name: Department of Correction
   b. Rank or Title:
   c. Workplace:

2. <u>Second Defendant</u>
   a. Full Name: Maldonaldo
   b. Rank or Title: Warden
   c. Workplace: Northern CI

3. <u>Third Defendant</u>
   a. Full Name: Brighthaupt
   b. Rank or Title: Warden
   c. Workplace: Chesire CI

4. <u>Fourth Defendant</u>
   a. Full Name: Powers
   b. Rank or Title: Deputy Warden
   c. Workplace: Chesire CI

5. <u>Fifth Defendant</u>
   a. Full Name: Santiago
   b. Rank or Title: Deputy Warden
   c. Workplace: Chesire CI

6. <u>Sixth Defendant</u>
   a. Full Name: Daure
   b. Rank or Title: lieutenant
   c. Workplace: Northern CI

## Defendants

7. Seventh Defendants
   a. Full Name : Crawford
   b. Rank or Title : Lieutenant
   c. Workplace : Cheshire CI

8. Eighth Defendant
   a. Full Name: Prouty
   b. Rank or Title : Nurse
   c. Workplace: Northern CI

9. Ninth Defendant
   a. Full Name : St. John
   b. Rank or Title : Nurse
   c. Workplace : Northern CI

10. Tenth Defendant
    a. Full Name : Weber
    b. Rank or Title : Correction Officer
    c. Workplace : Northern CI

11. Eleventh Defendant
    a. Full Name : Caputo
    b. Rank or Title : Correction Officer
    c. Workplace : Northern CI

12. Twelfth Defendant
    a. Full Name : June Doe
    b. Rank or Title : Nurse
    c. Workplace : Northern CI

## Defendants

13. Thirteenth Defendant
   a. Full Name: John Doe
   b. Rank or Title: Correction Officer
   c. Workplace: Northern CI

14. Fourteenth Defendant
   a. Full Name: John Doe 2
   b. Rank or Title: Correction Officer
   c. Workplace: Northern CI

15. Fifthteenth Defendant
   a. Full Name: John Doe 3
   b. Rank or Title: Correction Officer
   c. Workplace: Northern CI

16. Sixteenth Defendant
   a. Full Name: John Doe 4
   b. Rank or Title: Correction Officer
   c. Workplace: Northern CI

17. Seventeenth Defendant
   a. Full Name: John Doe 5
   b. Rank or Title: Correction Officer
   c. Workplace: Northern CI

18. Eighteenth Defendant
   a. Full Name: Dr. Frayne
   b. Rank or Title: Psychologist
   c. Workplace: Northern CI

Defendants

19. Nineteenth Defendant
   a. Full Name: Furey
   b. Rank or Title: Health Service Administrator
   c. Work place: Northern CI

20. Twentieth Defendant
   a. Full Name: PaFumi
   b. Rank or Title: lieutenant
   c. Work place: Northern CI

21 Twenty - First Defendant
   a. FullName: Arnone
   b. Rank or Title: Former Commissioner of Correction
   c. Workplace: Department of Correction

_____

Defendants Workplace Addresses:

Northern CI                    Chesire CI
PO Box 665                     900 Highland Ave
287 Bilton Rd                  Chesire, CT 06410
Somers, CT 06071

Department of Correction
24 Wolcott Hill Rd
Wethersfield, CT 06109

## D. CAUSE OF ACTION

I allege that the following of my constitutional rights, privileges, or immunities or my rights under a federal statute have been violated and that the following facts form the basis of my allegations:  (If more space is needed to explain any allegation or to list additional supporting facts, continue on a blank sheet which you should label "D. CAUSE OF ACTION.")

Claim I: _____ SEE ATTACHED _____

_____

_____

Supporting Facts:  (Include all facts you consider important, including names of persons involved, places, and dates.  Describe exactly how each defendant is involved.  State the facts clearly in your own words without citing legal authority or argument.)

Claim II: _____ SEE ATTACHED _____

_____

_____

Supporting Facts:

## E. OTHER LAWSUITS

1.  Have you begun other lawsuits in state or federal court dealing with the same facts involved in this action?
_____Yes ✓ No.  If your answer is "Yes," describe each lawsuit.  (If there is more than one lawsuit, describe the additional lawsuits using this same format on a blank sheet which you should label "E.  PREVIOUS LAWSUITS.")

a.  Parties to previous lawsuit:

Plaintiff(s):_____

_____

Defendant(s):_____

_____

b.  Name and location of court and docket number ø_____

c.  Disposition of lawsuit.  (For example, was the case dismissed?  Was it appealed? Is it still pending?) _____

_____

d.  Issues raised: _____

_____

4

e. Approximate date of filing lawsuit:_____

f. Approximate date of disposition: _____

2. If you have filed other lawsuits in this court in the last ten (10) years that are not related to the acts complained of in Part D, please list them.  (If you need additional space, use a blank sheet which you should label "E.  PREVIOUS LAWSUITS.")

_____

_____

_____

_____

_____

_____

## F. REQUEST FOR RELIEF
WHEREFORE, plaintiff demands: (state the relief you seek)

Monetary damages

Declaratory

Injunction

## G. JURY DEMAND

Do you wish to have a jury trial? Yes    No 

_Jerome Riddick_

| | |
|---|---|
| Original signature of attorney (if any) | **Plaintiff's Original Signature** |

_Jerome Riddick_

| | |
|---|---|
| Printed Name | Printed Name |

_Northern CI_

_287 Bilton Rd, PO Box 665, Somers, CT 06071_

| | |
|---|---|
| (   ) | (   ) |
| Attorney's full address and telephone | Plaintiff's full address and telephone |

| | |
|---|---|
| Email address if available | Email address if available |

## DECLARATION UNDER PENALTY OF PERJURY

The undersigned declares under penalty of perjury that he/she is the plaintiff in the above action, that he/she has read the above complaint and that the information contained in the complaint is true and correct.  28 U.S.C. § 1746; 18 U.S.C. § 1621.

Executed at _Somers, CT_ on _April 28, 2013_.
  (location)                    (date)

_Jerome Riddick_
**Plaintiff's Original Signature**

(Rev.9/22/09)

6

## Count 1

1. On March 1,2,3,4, and 5 while at Northern CI the plaintiff's cell vent was blowing out cold air when it should have been blowing out heat.

2. Defendant Maldonaldo did not provide the plaintiff with any extra blankets so he can keep warm and fight off the cold.

3. Defendant Maldonaldo has subjected the plaintiff to cold cell conditions for five days.

4. Northern CI has a history where the cell vents blows out cold air during the winter time.

Wherefore the plaintiff prays for relief:

5. That the court enter judgment declaring the acts of defendant Maldonaldo to violate the rights of plaintiff under the eighth amendment to the U.S. Constitution

6. That the court award punitive damages to the plaintiff.

7. That the court award compensatory damages to the plaintiff.

Count 2

1. On November 6, 2012 while at Chesire CI the plaintiff was brought to the Restrictive Housing Unit (RHU). While in the RHU the plaintiff's cell vent was blowing out cold air when it should have been blowing out heat.

2. The plaintiff was in the RHU for over 2 months and while in the RHU the plaintiff was subjected to cold cell conditions. It was so cold in the RHU that it felt like an ice box.

3. Defendants Brighthaupt, Powers, and Santiago have subjected the plaintiff to cold cell conditions and refused to give plaintiff extra blankets because they did not have extra blankets to give out to all the inmates.

Wherefore the plaintiff prays for relief:

4. That the court enter judgment declaring the acts of defendants Brighthaupt, Powers, and Santiago to violate the rights of plaintiff under Eighth Amendment to the U.S. Constitution.

5. That the court award punitive damages to the plaintiff.

6. That the court award compensatory damages to the plaintiff.

Count 3

1. On September 26, 2012 defendants Daire and Crawford sprayed chemical agents on the unit tier despite the plaintiff being asthmatic.

2. The plaintiff told defendant Crawford that he has asthma and that he can not be in the vicinity of the fumes of the chemical agents and defendant Crawford response was she has nothing to do with my asthma if medical clears it for another inmate.

3. The fumes from the chemical agents drifted into my cell and caused the plaintiff chest pains, shortness of breath, lung congestion, wheezing, and loss of consciousness.

4. The plaintiff pushed the cell intercom button multiple times to get staff attention and C.O. John Doe refused to respond to plaintiff's call for help and medical attention. Defendant C.O. John Doe denied the plaintiff proper medical attention.

5. Defendants Weber and Caputo were aware of the plaintiff's condition and both were aware of the plaintiff's chest pains, shortness of breath, lung congestion, wheezing, and that plaintiff was using his asthma inhaler with no avail. These defendants denied the plaintiff proper medical review.

1 of 4

6. Defendants Prosty and St. John were aware of the plaintiff's medical condition and that plaintiff was suffering chest pains, shortness of breath, lung congestion, wheezing, and that plaintiff was over using his asthma inhaler with out no avail. These defendants denied the plaintiff proper medical review.

7. When defendant St. John passed out medication later that night she told the plaintiff that her supervisor directed her not to clear me to be taken out of my cell and brought into an area not affected with chemical agents.

8. Defendant June Doe was aware of my medical condition and that plaintiff was suffering chest pains, shortness of breath, lung congestion, wheezing, and that plaintiff was over using his asthma inhaler with no avail.

9. Defendant June Doe told defendant St. John not to clear the plaintiff to be taken out of cell and brought into an area not affected with chemical agents. Defendant June Doe denied the plaintiff proper medical review.

10. Defendants Dzire, Crawford, Weber, Caputo, Prosty, St. John, John Doe, and June Doe denied and

refused to decontaminate the plaintiff after his
exposure to chemical agents.

11.    The plaintiff states a claim under Title 2 of the
       Americans with Disability Act against defendants
       Daire, Crawford, Weber, Caputo, Prouty, St. John,
       John Doe, and Jane Doe because (1) plaintiff is an
       individual with a disability, (2) plaintiff is qualified
       to participate in or receive the benefits of the
       decontamination service, (3) plaintiff were excluded
       from participation in or denied the benefits of the
       decontamination service at Northern CI, and (4) this
       exclusion, denial of benefits was because of my
       disability.

12.    The plaintiff states a claim under Title 2 of the
       Americans with Disabilities Act against defendants
       Crawford, Weber, Caputo, Prouty, St. John,
       John Doe, and Jane Doe for excluding and
       denying the plaintiff medical services.

13.    This is not the first time that plaintiff has been
       subjected to unreasonable amounts of chemical
       agents while in the defendant Department of
       Corrections.

14. This is not the first time that defendant Department of Corrections has subjected the plaintiff to chemical agents and denied him decontamination.

Wherefore the plaintiff prays for relief:

15. That the court enter judgment declaring the acts of defendents Dure, Crawford, Weber, Caputo, Prouty, St. John, John Doe, and Jane Doe to violate the rights of plaintiff under Title 2 of the Americans with Disabilities Act and the eighth amendent to the U.S. Constitution.

16. That the court enter a preliminary injunction that when chemical agents get sprayed on the unit tier that plaintiff be decontaminated.

17. That the court award punitive damages to plaintiff.

18. That the court award compensatory damages to plaintiff.

19. That the court order such further relief to plaintiff as it deems appropriate.

4 of 4

## Count 4

1. On August 25, 2012 defendant PaFumi sprayed chemical agents on the unit tier despite the plaintiff being asthmatic.

2. The fumes from the chemical agents drifted into my cell and caused the plaintiff chest pains, shortness of breath, dizziness, wheezing, lung congestion, and a severe headache.

3. The plaintiff pushed the cell intercom multiple times to get the defendant John Doe 2 that was in the bubble attention because the plaintiff needed medical attention and decontamination.

4. Defendant John Doe 2 failed to get the plaintiff medical attention.

5. Defendants John Doe 3, John Doe 4, and John Doe 5 were aware of the plaintiff's chest pains, wheezing, dizziness, lung congestion, wheezing, and shortness of breath because the plaintiff told them when they were doing unit tours. These defendants failed to get the plaintiff medical attention.

6. Defendants PaFumi, John Doe 2, John Doe 3, John Doe 4, and John Doe 5 refused and denied to decontaminate the plaintiff after his exposure to chemical agents.

7. Defendants PaFumi, John Doe 2, John Doe 3, John Doe 4, and John Doe 5 violates the plaintiff's rights under the Americans with Disabilities Act because (1) plaintiff is an individual with a disability, (2) plaintiff is qualified to participate in or receive the benefits of the decontamination service, (3) plaintiff was excluded from participation in or denied the benefits of the decontamination service at Northern CI, and (4) this exclusion and denial of benefits was because of my disability.

8. Defendants PaFumi, John Doe 2, John Doe 3, John Doe 4, and John Doe 5 violates the rights of plaintiff under the Americans with Disabilities Act because they excluded and denied the plaintiff medical services.

a. Wherefore the plaintiff prays for relief.

9. That the court enter judgment declaring the acts of defendants PaFumi, John Doe 2, John Doe 3, John Doe 4, and John Doe 5 to violate the rights of plaintiff under the Americans with Disability Act and the eighth amendent to the U.S. Constitution

10. That the court award punitive damages to plaintiff

11. That the court award compensatory damages to plaintiff

## Count 5

1. The plaintiff suffers from multiple psychiatric disorders including but not limited to: bipolar disorder, impulsive control disorder, attention deficit hyper-active disorder, and borderline personality disorder.

2. The plaintiff takes psychoactive medication to treat his mental health disorders.

3. When the plaintiff was sentenced in criminal court his sentencing judge ordered mental health treatment as apart of his sentence.

4. The Code of Penal Discipline, Administrative Directive 9.5 § 10 (I) governs discipline of mentally ill or impaired inmates (here and after A.D. 9.5 § 10 (I)).

5. A.D. 9.5 § 10 (I) does not apply to me.

6. Defendants Dr. Frye and Forey has excluded and denied me the benefits of the A.D. 9.5 § 10 (I) and they have discriminated against me because of my disability.

7. Defendant Arnone has made and/or permitted a policy that discriminates among the treatment of mentally ill or impaired inmates.

8. A.D. 9.5 § 10 (I) is a service for mentally ill or impaired inmates

9. Defendant Maldonaldo is aware of the discriminatory policy (A.D.9.5 § 10(I)) and has made no attempts to accommodate the plaintiff by allowing him to participate in the prison service.

10. Defendants Arnone, Dr.Frye, and Furey are aware of the plaintiff's mental health status and has refused to make reasonable accommodations to allow the plaintiff to participate in the prison service.

   Wherefore the plaintiff prays for relief:

11. That the court enter judgment declaring the acts of defendants Arnone, Dr.Frayne, Furey, and the Department of Correction to violate the rights of plaintiff under Title 2 of the Americans with Disabilities Act and the Equal Protection Clause of the Fourteenth Amendment.

12. That the court enter a preliminary injunction to allow the plaintiff to participate in the prison service.

13. That the court award punitive damages to plaintiff.

14. That the court award compensatory damages to plaintiff.

2 of 2