UNITED STATES DISTRICT COURT

DISTRICT OF CONNECTICUT

JEROME RIDDICK,
          Plaintiff,

       v.                                                 CASE NO. 3:13-cv-656(SRU)

DEPARTMENT OF CORRECTION, et al.,
          Defendants.

## INITIAL REVIEW ORDER

The plaintiff, currently incarcerated at Northern Correctional Institution in Somers, Connecticut, has filed a Complaint *pro se* under 42 U.S.C. § 1983. The following individuals are listed as defendants: The Department of Correction, Commissioner of Correction Arnone, Warden Maldonaldo, Warden Brighthaupt, Deputy Wardens Powers and Santiago, Lieutenants Daire, Pafumi and Crawford, Nurses Prouty, St. John and Jane Doe, Correctional Officers Weber, Caputo, John Doe, John Doe 2, John Doe 3, John Doe 4 and John Doe 5, Dr. Frayne and Health Administrator Furey.

Pursuant to 28 U.S.C. § 1915A(b), the Court must review prisoner civil complaints against governmental actors and "dismiss ... any portion of [a] complaint [that] is frivolous, malicious, or fails to state a claim upon which relief may be granted," or that "seeks monetary relief from a defendant who is immune from such relief." *Id*. This requirement applies both where the inmate has paid the filing fee and where he is proceeding *in forma pauperis*. *See Carr v. Dvorin*, 171 F.3d 115 (2d Cir. 1999) (per curiam). Rule 8 of the Federal Rules of Civil Procedure requires that a complaint contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2).

Although detailed allegations are not required, "a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face. A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal quotation marks and citations omitted). A complaint that includes only "'labels and conclusions,' 'a formulaic recitation of the elements of a cause of action' or 'naked assertion[s]' devoid of 'further factual enhancement,'" does not meet the facial plausibility standard. *Id.* (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555, 557 (2007)). Although courts still have an obligation to liberally construe a *pro se* complaint, *see Harris v. Mills*, 572 F.3d 66, 72 (2d Cir. 2009), the complaint must include sufficient factual allegations to meet the standard of facial plausibility.

**I.     Eleventh Amendment**

To the extent that plaintiff asserts section 1983 claims against the defendants in their official capacities, the claims for money damages are barred by the Eleventh Amendment. *See Kentucky v. Graham*, 473 U.S. 159 (1985) (Eleventh Amendment, which protects the state from suits for monetary relief, also protects state officials sued for damages in their official capacities); *Quern v. Jordan*, 440 U.S. 332, 342 (1979) (Section 1983 does not override a state's Eleventh Amendment immunity). The section 1983 claims for money damages against the defendants in their official capacities are dismissed pursuant to 28 U.S.C. § 1915A(b)(2).

**II.    Department of Correction**

The first-named defendant is the State of Connecticut Department of Correction. Pursuant to review under 28 U.S.C. § 1915A, the claims against the Department of Correction

are dismissed.  Like other state agencies, the Department of Correction is not a person within the meaning of section 1983.  *See Will v. Michigan Dep't of State Police*, 491 U.S. 58, (1989) (state and state agencies not persons within meaning of 42 U.S.C. § 1983).  The claims against the State of Connecticut Department of Correction are dismissed as lacking an arguable legal basis. *See* 28 U.S.C. § 1915A(b)(1).

**III.    Code of Penal Discipline**

In the last count of the Complaint, the plaintiff claims that he suffers from multiple mental health disorders and takes medication for these conditions.  He claims that defendants Frayne, Maldonaldo, Arnone and Furey have discriminated against him because of his disability by denying him benefits set forth in State of Connecticut Administrative Directive 9.5(10)I.[1]  He describes this Directive as providing a service for mentally ill inmates.

Administrative Directive 9.5 is entitled Code of Penal Discipline.  Section (10)I of that Directive is titled "Inmates Mentally Impaired or with Mental Illness" and provides that a qualified mental health professional should be consulted prior to the delivery of a disciplinary report to an inmate housed in a unit designated for mentally ill inmates or an inmate scheduled to be transferred to such a unit.  The mental health specialist is to give an opinion whether the behavior for which the disciplinary report was issued is a result of the inmate's mental illness and whether disciplining the inmate would aggravate his mental illness.  If the specialist answers yes to either question, then the disciplinary report is not to be delivered to the inmate unless the Unit Administrator provides a written explanation for the delivery of the disciplinary report to the

---

[1]    State of Connecticut Department of Correction Administrative Directive 9.5, may be found on the Department of Correction's website, http://www.ct.gov/doc., under Directives and Policies.

inmate.

The plaintiff claims that defendants Frayne, Furey, Arnone and Maldonaldo have violated Title II of the Americans with Disabilities Act ("ADA"), 42 U.S.C. § 12101, by denying him participation in the service provided in Administrative Directive 9.5(10)I.  Title II of the ADA prohibits exclusion from or denial of the "benefits of the services, programs or activities of a public entity" or discrimination by a public entity on the basis of an individual's disability.  *See* 42 U.S.C. § 12132.  The Supreme Court has held that this provision applies to state prisoners. *See Pa. Dep't of Corr. v. Yeskey*, 524 U.S. 206, 213 (1998) ("[T]he plain text of Title II of the ADA unambiguously extends to state prison inmates.").  The ADA defines the term "disability" as: "(A) a physical or mental impairment that substantially limits one or more of the major life activities of such individual; (B) a record of such an impairment; or (C) being regarded as having such an impairment (as described in paragraph (3))." 42 U.S.C. § 12102(1)(A)-(C).[2]

The State of Connecticut and the Connecticut Department of Correction are public entities within the meaning of the ADA.  *See* 42 U.S.C. § 12131(1)(A)(defining public entity to include any state or local government); *Yeskey*, 524 U.S. at 209-10 ("State prisons fall squarely within [Title II's] statutory definition of 'public entity,' which includes 'any department, agency .

---

[2]   Paragraph (3) of 42 U.S.C. § 12102 provides in pertinent part:

> (A)  An individual meets the requirement of "being regarded as having such an impairment" if the individual establishes that he or she has been subjected to an action prohibited under this chapter because of an actual or perceived physical or mental impairment whether or not the impairment limits or is perceived to limit a major life activity.
> (B) Paragraph (1)(C) shall not apply to impairments that are transitory and minor. A transitory impairment is an impairment with an actual or expected duration of 6 months or less.

. ., or other instrumentality of a State . . . or local government.") (quoting 42 U.S.C. § 12131(1)(B)).

In addition, the Second Circuit has recognized that a valid ADA claim may be stated against a state official in his official capacity. *See Henrietta D. v. Bloomberg*, 331 F.3d 261, 289 (2d Cir. 2003). Title II of the ADA, however, does not "provide[] for individual capacity suits against state officials." *See Garcia v. S.U.N.Y. Health Sciences Center of Brooklyn*, 280 F.3d 98, 107 (2d Cir. 2001).

Although the plaintiff alleges that he suffers from a disability due to his multiple mental health conditions, the Court concludes that he has not stated a claim against defendants Frayne, Furey, Arnone and Maldonaldo for a violation of his rights under the ADA. The plaintiff describes Administrative Directive 9.5(10)I as providing a service to mentally ill inmates. That section of the directive, however, describes sanctions that may be imposed for disciplinary infractions incurred by inmates. In Section (10)I, correctional staff are instructed that they must consult with a qualified mental health professional before issuing a disciplinary report to an inmate housed in a unit for inmates with mental illness. That section of the Administrative Directive does not provide a service or program to mentally ill inmates. Thus, the plaintiff has not plausibly alleged that defendants Frayne, Furey, Arnone and Maldonaldo deprived him of access to a service, program or activity because of his mental health conditions.

Furthermore, the plaintiff does not allege that any of these defendants issued him a disciplinary report. Nor does he allege that any of these defendants failed to comply with Administrative Directive 9.5(10)I by neglecting to consult with a qualified mental health professional prior to issuing a disciplinary report or refusing to provide an opinion regarding the

issuance a disciplinary report to him. For all of the reasons set forth above, the plaintiff has failed to state a plausible claim under the ADA against defendants Frayne, Furey, Arnone and Maldonaldo. The claims under the ADA against those defendants are dismissed. *See* 28 U.S.C. § 1915A(b)(1). The remaining claim against defendant Maldonaldo is included in the discussion below.

**IV. Conditions of Confinement**

In counts one and two of the Complaint, the plaintiff claims that defendant Maldonaldo subjected him to cold air blowing from the vent in his cell at Northern for five days in March and Defendants Brigthaupt, Powers and Santiago subjected him to cold air blowing from a vent in his cell in the restrictive housing unit at Cheshire for two months beginning in November 2012. In count three of the Complaint, the plaintiff claims that on September 26, 2012, defendants Daire and Crawford sprayed a chemical agent into the housing unit that affected his asthma condition and defendants Weber, Caputo, Prouty, St. John, Jane Doe and John Doe refused to provide the plaintiff with medical assistance or decontaminate him after his exposure to the chemical agent.

In Count four of the Complaint, the plaintiff alleges that on August 25, 2012, defendant Pafumi sprayed a chemical agent into the housing unit even though he knew the plaintiff was an asthmatic. The plaintiff began to suffer chest pain, shortness of breath, dizziness and lung congestion. Defendants John Does 2, 3, 4 and 5 refused to provide him with medical assistance.

The plaintiff has stated plausible conditions of confinement claims in counts one through four under the Eighth Amendment against defendants Maldonaldo, Brigthaupt, Powers, Santiago, Weber, Caputo, Prouty, St. John, Pafumi, Jane Doe, John Doe, John Doe 2, John Doe 3, John Doe 4 and John Doe 5. The plaintiff has also asserted plausible claims of violations of the ADA

with regard to denial of medical treatment in counts three and four of the Complaint against defendants Weber, Caputo, Prouty, St. John, Pafumi, Jane Doe, John Doe, John Doe 2, John Doe 3, John Doe 4 and John Doe 5 in their official capacities.

## ORDERS

The court enters the following orders:

(1)     The claims for money damages against the defendants in their official capacities are **DISMISSED** pursuant to 28 U.S.C. § 1915A(b)(2). All claims in the Complaint [**Doc. No. 1**] against the State of Connecticut Department of Correction, Commissioner Arnone, Administrator Furey and Dr. Frayne and the ADA claim against Warden Maldonaldo regarding Administrative Directive 9.5(10)I are **DISMISSED** pursuant to 28 U.S.C. § 1915A(b)(1).

The Eighth Amendment conditions of confinement claims against defendants Maldonaldo, Weber, Caputo, Prouty, St. John, Pafumi, Brigthaupt, Powers, Santiago, Jane Doe, John Doe, John Doe 2, John Doe 3, John Doe 4 and John Doe 5 in their individual and official capacities will proceed. The ADA claims against defendants Weber, Caputo, Prouty, St. John, Pafumi, Jane Doe, John Doe, John Doe 2, John Doe 3, John Doe 4 and John Doe 5 in their official capacities will proceed.

(2)     Within fourteen (14) days of this Order, the U.S. Marshals Service shall serve the summons, a copy of the Complaint [Doc. No. 1] and this Order on defendants Maldonaldo, Daire, Pafumi, Brigthaupt, Powers, Santiago, Crawford, Prouty, St. John, Jane Doe, Weber, Caputo, John Doe, John Doe 2, John Doe 3, John Doe 4 and John Doe 5 in their official capacities by delivering the necessary documents in person to the Office of the Attorney General, 55 Elm Street, Hartford, CT 06141.

(3)     Within fourteen (14) days of this Order, the Clerk shall ascertain from the Department of Correction Office of Legal Affairs the current work address for each of the following defendants: Wardens Maldonaldo and Brighthaupt, Deputy Wardens Powers and Santiago, Lieutenants Daire, Pafumi and Crawford, Nurses Prouty and St. John, Correctional Officers Weber and Caputo and mail waiver of service of process request packets to each defendant in his or her individual capacity at his or her current work address.  On the thirty-fifth (35th) day after mailing, the Clerk shall report to the court on the status of all waiver requests.  If any defendant fails to return the waiver request, the Clerk shall make arrangements for in-person service by the U.S. Marshals Service and the defendant shall be required to pay the costs of such service in accordance with Federal Rule of Civil Procedure 4(d).

(4)     The Clerk shall send a courtesy copy of the Complaint and this Order to the Connecticut Attorney General and the Department of Correction Legal Affairs Unit.

(5)     Defendants shall file their response to the Complaint, either an answer or motion to dismiss, within seventy (70) days from the date of this order.  If the defendants choose to file an answer, they shall admit or deny the allegations and respond to the cognizable claims recited above.  They may also include any and all additional defenses permitted by the Federal Rules.

(6)     Discovery, pursuant to Federal Rules of Civil Procedure 26 through 37, shall be completed within seven months (210 days) from the date of this order.  Discovery requests need not be filed with the court.

(7)     All motions for summary judgment shall be filed within eight months (240 days) from the date of this order.

(8)     Pursuant to Local Civil Rule 7(a), a non-moving party must respond to a

dispositive motion within twenty-one (21) days of the date the motion was filed.  If no response is filed, or the response is not timely, the dispositive motion can be granted absent objection.

(9)     **If the plaintiff changes his address** at any time during the litigation of this case, Local Court Rule 83.1(c)2 provides that he **MUST notify the court**.  Failure to do so can result in the dismissal of the case.  The plaintiff must give notice of a new address **even if he is incarcerated**.  The plaintiff should write "**PLEASE NOTE MY NEW ADDRESS.**"  It is not enough to just put the new address on a letter without indicating that it is a new address.  If the plaintiff has more than one pending case, indicate the case numbers in the notification of change of address.  The plaintiff should also notify the defendant(s) or the attorney for the defendant(s), if appropriate, of his or her new address.

(10)    The plaintiff is hereby notified that the U.S. Marshal cannot serve the Complaint on Jane Doe, John Doe, John Doe 2, John Doe 3, John Doe 4 or John Doe 5 until he identifies these defendants by name.  The plaintiff will have 90 days from the date of this order to conduct discovery and file a notice identifying these defendants by name.  If the plaintiff fails to file a notice within the time specified, the claims against the Doe defendants will be dismissed without further notice from the court pursuant to Rule 4(m), Fed. R. Civ. P. and the case will proceed only on the claims against defendants Maldonaldo, Daire, Pafumi, Crawford, Prouty, St. John, Weber, Caputo, Brigthaupt, Powers and Santiago.

SO ORDERED at Bridgeport, Connecticut this 19th day of November 2013.

          /s/ Stefan R. Underhill
STEFAN R. UNDERHILL
UNITED STATES DISTRICT JUDGE