# UNITED STATES DISTRICT COURT
# DISTRICT OF CONNECTICUT

JEROME RIDDICK,  
a/k/a Ja-Qure Al-Bukhari,  :  
    Plaintiff,  :  
                                :  
    v.  :          No. 3:13-cv-656 (SRU)  
                                :  
DEPARTMENT OF CORRECTION, et al.,  :  
    Defendants.  :

## RULING ON PENDING MOTIONS

Jerome Riddick ("Riddick"), also known as Ja-Qure Al-Bukhari, a Connecticut Department of Correction inmate, brought this civil rights action pro se pursuant to 28 U.S.C. § 1915 against the Department of Correction and nineteen individuals employed by the Department of Correction. On November 19, 2013, I dismissed the claims for money damages against all defendants in their official capacities pursuant to 28 U.S.C. § 1915A(b)(2). I also dismissed, pursuant to 28 U.S.C. § 1915A(b)(1), all claims against the State of Connecticut Department of Correction, Commissioner Arnone, Administrator Furey, and Dr. Frayne, and the Americans with Disabilities Act ("ADA") claim against Warden Maldonaldo regarding Administrative Directive 9.5(10). *See* Initial Review Order, Doc. No. 10 at 7. I concluded that the Eighth Amendment conditions of confinement claims could proceed against defendants Maldonaldo, Weber, Caputo, Prouty, St. John, Pafumi, Brigthaupt, Powers, Santiago, Jane Doe, John Doe, John Doe 2, John Doe 3, John Doe 4 and John Doe 5 in their individual and official capacities and the ADA claims could proceed against defendants Weber, Caputo, Prouty, St. John, Pafumi, Jane Doe, John Doe, John Doe 2, John Doe 3, John Doe 4 and John Doe 5 in their official capacities. *See id.*

On January 31, 2014, Attorney Thomas O. Farrish appeared for Riddick as pro bono counsel for settlement purposes only. On March 11, 2014, the parties reported to the court that they had reached an agreement to settle this case as well as several other cases filed by Riddick. The Clerk terminated this case pursuant to the notice of settlement. Doc. No. 26.

On April 26, 2015, Attorney Farrish filed a motion to reopen the action and enforce the settlement agreement. Doc. No. 27. On April 28, 2015, Attorney Benjamin Henry Nassim appeared for Riddick as pro bono counsel, and on May 13, 2015, Attorney Jeffrey Mueller appeared for Riddick as pro bono counsel. Doc. Nos. 32, 45. On May 14, 2015, Attorneys Farrish and Mueller, on behalf of Riddick, and Attorney Terrence O'Neill, on behalf of the defendants, appeared in this court for a hearing and reached an agreement regarding the issues raised by Riddick in the Motion to Reopen and to Enforce the Settlement Agreement. *See* Transcript of Hearing, Doc. No. 50. At the hearing, I clarified the terms of the agreement on the record. *See id*. Pursuant to the agreement of the parties and the clarification of terms of the 2014 settlement agreement, Riddick withdrew his motions to reopen the case and to enforce the settlement agreement. *See* Minute Entry, Doc. No. 49.

On August 20, 2015, I granted the motions to withdraw as pro bono counsel for Riddick that had been filed by Attorneys Farrish, Nissim, and Mueller. *See* Order, Doc. No. 56. On June 19, 2015, Riddick, acting pro se, filed a motion to reopen the case and enforce the settlement agreement. Doc. No. 51. At a hearing held on August 25, 2015, I denied the motion without prejudice to filing a new case seeking enforcement of the settlement agreement. *See* Minute Entry and Order, Doc. No. 58.

In June 2016, Riddick filed three new motions to reopen and enforce the settlement agreement. *See* Doc. Nos. 59, 60, 61. On July 28, 2016, Attorney John F. Conway appeared on behalf of Riddick. Doc. No. 62. On October 27, 2016, I denied the three motions to reopen without prejudice, pursuant to an agreement by the parties to pursue good faith settlement efforts. *See* Order, Doc. No. 63.

On September 14, 2017, December 4, 2017 and December 6, 2017, Riddick filed additional motions to reopen the case and enforce the settlement agreement. *See* Motions, Doc. Nos. 64, 66, 67. On December 13, 2017, Riddick filed a notice of appeal of my October 27, 2016 order denying his motions to reopen and to enforce the settlement agreement. *See* Notice, Doc. No. 68. The case remained on appeal until April 30, 2018. On that date, the United States Court of Appeals for the Second Circuit issued a Mandate dismissing the appeal for lack of jurisdiction due its untimely filing. *See* USCA Mandate, Doc. No. 74. The case remains closed.

Pending before the court are Riddick's three motions to reopen the case and to enforce the settlement agreement (Doc. Nos. 64, 66, 67); a motion to return to court to resolve his concerns regarding the defendants' compliance with the terms of the 2014 and 2015 Agreements (Doc. No. 76); a motion to compel (Doc. No. 70); and a motion to disqualify me for personal bias or prejudice (Doc. No. 73). In addition. Attorney Conway has moved to withdraw as pro bono counsel for Riddick (Doc. No. 75), to which Riddick has objected (Doc. No. 77).

I.  **Motion to Disqualify Judge (Doc. No. 73)**

Riddick claims that I am biased or prejudiced against him in favor of the defendants because I did not immediately schedule a hearing on his most recently filed motions to reopen the case and enforce the settlement agreement and have not yet ruled on those motions. Riddick

claims that at the hearing held on May 15, 2015, during which the terms of the 2014 settlement agreement were clarified, I indicated that the parties could come back to court to resolve any future issues with the terms of the 2014 agreement or the order clarifying the terms of the settlement agreement. Riddick seeks to disqualify me or have me recuse myself from the case.

A judge must recuse himself "in any proceeding in which his impartiality might reasonably be questioned." 28 U.S.C. § 455(a). Additionally, a judge "shall also disqualify himself ... [w]here he has a personal bias or prejudice concerning a party." 28 U.S.C. § 455(b)(1). The test employed to determine whether recusal is required is an objective one and is "based on what a reasonable person knowing all the facts would conclude." *Chase Manhattan Bank v. Affiliated FM Ins. Co.*, 343 F.3d 120, 127 (2d Cir. 2003) (citation omitted), *cert. dismissed*, 541 U.S. 913 (2004). The court, therefore, must consider "whether an objective and disinterested observer, knowing and understanding all of the facts and circumstances, could reasonably question the court's impartiality." *S.E.C. v. Razmilovic*, 738 F. 3d 14, 29 (2d Cir. 2013). A judge has an affirmative duty not to disqualify himself unnecessarily. *See LoCascio v. United States*, 473 F.3d 493, 498 (2d Cir. 2007); *National Auto Brokers Corp. v. General Motors Corp.*, 572 F.2d 953, 958 (2d Cir. 1978).

A judge must recuse himself if circumstances exist that would cause an objectively reasonable observer to question the judge's impartiality, i.e., if circumstances show "a deep-seated favoritism or antagonism that would make fair judgment almost impossible." *Liteky v. United States*, 510 U.S. 540, 555 (1994). "[J]udicial rulings alone almost never constitute a valid basis for a bias or partiality motion" and "can only in the rarest circumstances evidence the degree of favoritism or antagonism required." *Id.*

4

Riddick seeks recusal because he claims that I have not held a timely hearing or ruled on his motions to reopen the case and to enforce the terms of the settlement agreement in a timely manner. As indicated above, Riddick filed his most recent motions to reopen the case and to enforce the terms of the 2014 settlement agreement and the 2015 clarification of the terms of the 2014 settlement agreement in September 2017 and December 2017, just prior to filing a notice of appeal in the action on December 13, 2017. The notice of appeal divested the court of jurisdiction over the pending motions to reopen and to enforce the settlement agreement.

As a general matter, "[t]he filing of a notice of appeal is an event of jurisdictional significance—it confers jurisdiction on the court of appeals and divests the district court of its control over those aspects of the case involved in the appeal." *Griggs v. Provident Consumer Discount Co.,* 459 U.S. 56, 58 (1982). "A district court does not regain jurisdiction until the issuance of the mandate by the clerk of the court of appeals." *United States v. Rodgers*, 101 F.3d 247, 251 (2d Cir. 1996) (citation omitted).

A notice of appeal, however, "does not divest the district court of jurisdiction to decide any of the motions listed in Fed. R. App. P. 4(a)(4)(A), if [those motions were] timely filed." *Hodge ex rel. Skiff v. Hodge*, 269 F.3d 155, 157 n.4 (2d Cir. 2001). Federal Rule of Appellate Procedure 4(a)(4)(A) includes motions under the Federal Rules of Civil Procedure for: judgment under Fed. R. Civ. P. 50(b); to make additional factual findings under Fed. R. Civ. P. 52(b); for attorney's fees under Fed. R. Civ. P. 54; to alter or amend judgment or for new trial under Fed. R. Civ. P. 59; and for relief from judgment or order under Fed. R. Civ. P. 60. *See* Fed. R. App. P. 4(a)(4)(A). The motions to reopen the case and to enforce the terms of the settlement agreements do not fall within any of the motions described in Fed. R. App. P. 4(a)(4)(A). Thus,

5

the notice of appeal divested the court of jurisdiction to decide the motions to reopen and enforce the terms of the settlement agreements.

Furthermore, even if the motions could be considered Rule 60(b) motions for relief from judgment or order, the motions were not filed in a timely manner as required by Fed. R. App. P. 4(a)(4)(A). *See* Rule 4(a)(4)(A)(vi) (Rule 60 motion must have been filed within twenty-eight days of the entry of the judgment). The original settlement agreement was entered into by the parties on March 6, 2014 and the court closed the case on March 11, 2014 pursuant to the report of the parties that the case had settled in full. The Clarification of the terms of the 2014 Settlement Agreement was entered on the record on May 14, 2015. The order from which Riddick had filed his appeal was entered on October 27, 2016. Riddick did not file the pending motions to reopen and enforce the settlement agreement until September and December 2017.

In a situation where a district court lacks authority to grant a Rule 60(b) motion because an appeal is pending, Fed. R. Civ. P. 62.1 permits a district court to "(1) defer considering the motion; (2) deny the motion; or (3) state either that it would grant the motion if the court of appeals remands for that purpose or that the motion raises a substantial issue." Here, I chose to defer ruling on Riddick's motions to reopen the case and to enforce the terms of the settlement agreements until the conclusion of the appeal and issuance of the Mandate by the Second Circuit.

Riddick's dissatisfaction with my decision not to hold a hearing to address his pending motions or to rule on the pending motions while his appeal was pending is insufficient to support recusal in this case. *See Qualls v. United States*, 2018 WL 1513625, at *2 (E.D.N.Y. Mar. 27, 2018) (noting that delays in entering judgment or rendering a decision are not bases for recusal and concluding that over one-year delay in ruling on section 2255 motion was due in part to

6

petitioner's filing a writ of mandamus in the Second Circuit, which required district court to hold decision on the merits of the section 2255 motion in abeyance until the Second Circuit ruled on the writ of mandamus); *Jones v. O'Keefe*, 2000 WL 1804153, at *4 (S.D.N.Y. Dec. 7, 2000) (six-month delay in rendering decision denying habeas petition not considered to be sufficient grounds for recusal); *United States v. LaMorte,* 940 F. Supp. 572, 577 (S.D.N.Y. 1996) (holding that 45-month delay in deciding Fed. R. Crim. P. 35(b) motion was not grounds for recusal), *aff'd sub nom., United States v. Moritz*, 112 F.3d 506 (2d Cir. 1997).

Because Riddick has not identified any factors that show a "deep-seated favoritism or antagonism" to support his claim that I am not impartial in this case, the motion seeking my recusal or disqualification is **DENIED**. *Liteky*, 510 U.S. at 555.

## II. Motion to Withdraw as Counsel (Doc. No. 75)

Attorney John Conway has moved to withdraw as counsel for Riddick in this case. Doc. No. 75. He has provided Riddick with notice of his motion to withdraw.

Attorney Conway states that in May 2016, at the request of the court, he filed appearances in a number of other cases filed by Riddick. *See Al-Bukhari v. Semple*, Case No 3:15-cv-322 (SRU) (appeared in that consolidated lead case on May 26, 2016), *Al-Bukhari v. Department of Corrections*, Case No 3:16-cv-53 (SRU) (appeared in that consolidated lead case on May 23, 2016), *Al-Bukhari v. Department of Corrections*, Case No 3:16-cv-205 (SRU) (appeared in that case on May 26, 2016). On July 28, 2016, at the request of the court, Attorney Conway filed an appearance in this case. *See* Appearance, Doc. No. 62.

On July 13, 2017, Attorney Conway appeared as Riddick's appointed attorney at a status conference held in connection with Riddick's open cases, including *Al-Bukhari v. Semple*, Case

7

No 3:15-cv-322 (SRU); *Al-Bukhari v. Department of Corrections*, Case No 3:16-cv-53 (SRU); *Al-Bukhari v. Department of Corrections*, Case No 3:16-cv-205 (SRU). Attorney Conway believes that despite the fact that he had not filed a formal motion to withdraw as counsel for Riddick in this action at the time of the conference, it was the court's intention to discharge him from his appointment as counsel for Riddick in this action as well as all of Riddick's other cases in which he had appeared. *See* Mot. to Withdraw, Doc. No. 75 at 2.

I agree that it was my intention to permit Attorney Conway to withdraw as counsel for Riddick in this action. In order to make it clear on the docket of this case that counsel has been permitted to withdraw as counsel for Riddick, the motion to withdraw is **GRANTED**. The Clerk shall terminate Attorney Conway as counsel for Riddick in this action.

### III. Motion to Compel (ECF No. 70)

Riddick states that after the status conference on October 27, 2016, he made attempts to contact Attorney Conway regarding the filing of a new motion to reopen and to enforce the settlement agreement but he did not hear back. Riddick claims that the docket reflects that Attorney Conway is still his attorney of record and that Attorney Conway has not moved to withdraw his appearance. Riddick seeks an order compelling Attorney Conway to represent or act on his behalf as appointed counsel in this action. Because I am granting Attorney Conway's motion to withdraw, Riddick's motion to compel is **DENIED AS MOOT.**

### IV. Motions to Reopen Case and Enforce Settlement Agreements (Doc. Nos. 64, 66, 67) and Motion to Return to Court to Resolve Concerns (ECF No. 76)

As indicated above**,** Riddick filed three additional emergency motions to reopen this case and to enforce the settlement agreements on September 14, 2017, December 4, 2017, and December 6, 2017. *See* Doc. No.s 64, 66, 67. On June 27, 2018, Riddick filed a motion to

8

return to court to resolve his issues with the enforcement of the terms of the 2014 and 2015 Agreements. *See* Doc. No. 76. All four motions focus primarily on the terms of the May 2014 Settlement Agreement entered on the record during a hearing on May 14, 2015, but also challenge a term of the 2014 Settlement Agreement regarding Riddick's transfer to a facility that is more restrictive. Riddick claims that he had never been placed in general population at his former facility in order to complete phase three of the administrative segregation program as required by the May 2015 Clarification of the terms of the 2014 Settlement Agreement. In addition, on four occasions during the period from August 26, 2015 to June 28, 2016, the defendants transferred him to prison facilities that were more restrictive than Garner without first having him examined by the Director of Mental Health, as required by the March 2014 Settlement Agreement. Riddick also alleges that on one of the four occasions, the defendants did not honor the ten-day waiting period prior to the transfer to the more restrictive facility as required by the May 2015 Clarification of the terms of the 2014 Settlement Agreement.

On April 11, 2018, I issued an Order clarifying the issues in Riddick's open cases: *Al-Bukhari v. Semple*, Case No. 3:15-cv-322 (SRU); *Al-Bukhari v. Department of Corrections*, Case No. 3:16-cv-53 (SRU); *Al-Bukhari v. Department of Correction*, Case No. 3:16-cv-1267 (SRU); *Riddick v. Semple, et al.*, Case No. 3:16-cv-1769 (SRU); *Riddick v. Maurer,* Case No. 3:16-cv-2009 (SRU); *Riddick v. Semple,* Case No. 3:17-cv-120 (SRU). In that order, I stated that claims for violations of the 2014 Settlement Agreement and the 2015 clarification of the terms of that agreement would be addressed in *Riddick v. Semple*, Case No. 16-cv-1769 (SRU). *See* Order, Doc. No. 111, entered in *Al-Bukhari v. Department of Corrections*, Case No. 3:15-cv-322 (SRU).

Because I have decided that the claims for violations of the 2014 Settlement Agreement and the 2015 Clarification of the terms of that agreement will be addressed in *Riddick v. Semple*, Case No. 16-cv-1769 (SRU), Riddick's pending motions to reopen and to enforce the settlement agreements filed in this action are **DENIED without prejudice** to re-filing in *Riddick v. Semple*, Case No. 16-cv-1769 (SRU).

## ORDERS

Riddick's Motion to Disqualify Judge, **(Doc. No. 73)**, is **DENIED**.

Attorney Conway's Motion to Withdraw as Counsel for Riddick (**Doc. No. 75**) is **GRANTED**. The Clerk shall terminate Attorney Conway as counsel for Riddick in this action.

Riddick's Motion to Compel (**Doc. No. 70**) is **DENIED AS MOOT**.

Riddick's Motions to Reopen Case and Enforce Settlement Agreements, **(Doc. Nos. 64, 66, 67)**, and the Motion to Return to Court to Resolve Concerns, **(Doc. No. 76)**, are **DENIED without prejudice** to re-filing in *Riddick v. Semple*, Case No. 16-cv-1769 (SRU).

So ordered.

Dated at Bridgeport, Connecticut, this 27th day of August 2018.

/s/ STEFAN R. UNDERHILL
Stefan R. Underhill
United States District Judge